. FOURTH DISTRICT—MAY, 1915.    205

Beacon Falls Rubber Shoe Co. v. Gravenhorst, 194 Ill. App. 205.

Beacon Falls Rubber Shoe Company, Appellant, v. T.
· S. Gravenhorst, Appellee.

(Not to be reported in full.)

Appeal from the Circuit Court of Effingham county; the Hon.
JAMES C. McBRIDE, Judge, presiding. Heard in this court at the
October term, 1914. Affirmed. Opinion filed May 1, 1915.

## Statement of the Case.

Action in assumpsit by the Beacon Falls Rubber
Shoe Company against T. S. Gravenhorst. From a
judgment for defendant, plaintiff appeals.

Plaintiff introduced in evidence an order for goods
which its counsel said constituted the contract of sale,
on which the suit was predicated. This instrument
purported to be an order taken by a salesman of plain-
tiff April 25, 1912, for the shipment of certain goods
to defendant at Effingham, Illinois. It was apparently
an order blank of plaintiff filled in and signed by its
salesman.

It contained the following provision: "As we are
not jobbers and these goods are made up specially for
you and delivered direct from the mill, no counter-
mand can be accepted after the goods are in the
works." A copy of this order was sent to the defend-
ant by plaintiff a few days later and with it a letter
which asked him to examine the duplicate and advise
promptly if there were any errors or omissions. The
memoranda made by Mr. Adams when the order was
given were on slips of paper, and no order at any time
was signed by defendant. There was simply a verbal
agreement between plaintiff's agent and defendant,
and defendant testified that the order was given con-
ditionally, and that he was to have the right to change
or cancel it altogether if he desired, while Mr. Adams

denied this statement. The goods were not to be delivered until in August, 1911, and prior to that time defendant attempted to change the order or cancel part of it, as he claimed the right to do, and there was considerable correspondence between the parties in reference to the matter, plaintiff refusing to concede that defendant had the privilege claimed by him.

On August 7th, defendant wrote to plaintiff directing it to ship part of the order and cancel the balance. On August 23rd plaintiff wrote to defendant stating, "we shall not accept the cancellation and have advised the mill to ship your order complete at once." Later, on September 24th, defendant wrote stating that he had received an invoice of rubber goods to his surprise, as on June 21, 1912, he had written not to make up or ship until further notice; that since then he had given notice to ship only five dozen and to cancel the balance of the order; that when the order was placed with the salesman the latter was told distinctly the same was conditional only and that he would probably cancel it, notifying plaintiff that he would refuse to accept the goods upon arrival, with the exception of the five dozen ordered shipped August 7th. When the goods arrived, defendant refused to receive them.

When the order was given there were present, in addition to defendant and Mr. Adams, a salesman and employee of defendant named Eversman. The testimony of defendant and Eversman was to the effect that the order was only a conditional one, subject to change or cancellation, while this was denied by Adams. The court instructed the jury in part as follows:

"The court instructs the jury that if you believe from a preponderance of the evidence that the plaintiff sold to the defendant a bill of goods to be delivered by freight at Effingham, Illinois, and did ship said goods to Effingham, and if you further believe the plaintiff sent to the defendant a bill of lading of said goods and if you further believe that said goods were

carried by freight by the Vandalia Railroad and delivered according to agreement and that the employees of said railroad notified defendant of the arrival of said goods, and that defendant did not reserve the right to cancel or change such bill and did not cancel or change the same, then the plaintiff is entitled to recover of the defendant the contract price of said goods, if any price has been shown by the evidence, even though you may further believe the defendant refused to accept said goods, and they are still in the possession of the Vandalia Railroad."

G. F. TAYLOR, for appellant.

WALTER E. RINEHART and W. S. HOLMES, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 95*—*when purchaser entitled to rescind.* In an action of assumpsit on an oral order of goods alleged by the buyer to be subject to cancellation, evidence *held* to sustain a finding that the order was oral, conditional, and that the buyer was not barred by his conduct after giving the order from rescinding it as allowed by the contract.

2. INSTRUCTIONS, § 84*—*when correct on preponderance of evidence.* An instruction, in an action on an oral contract for goods which defendant had refused to accept, that "the plaintiff could not recover under the declaration unless it was shown by a preponderance of all the evidence in the case a contract fully performed on its part," *held* correct.

3. SALES, § 330*—*when instruction on refusal to accept correct.* An instruction in an action of assumpsit on an oral order for goods alleged by the buyer to be subject to cancellation, to the affect that if the jury believed from the preponderance of evidence that plaintiff sold goods to defendant to be delivered by freight at a certain place, that the goods were shipped according to agreement, and a bill of lading sent to defendant, that the goods duly arrived, that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

208          APPELLATE COURTS OF ILLINOIS.

Lewis v. Clay City Electric Light & Power Co., 194 Ill. App. 208.

defendant was duly notified, and that defendant did not reserve the right of cancellation of the order, the plaintiff could recover the contract price, even though defendant refused to accept the goods, *held* correct.

McBRIDE, J., having tried this case in the court below, took no part on the hearing in this court.

---

## Jeanette Lewis, Executrix of the Estate of T. B. Lewis, Appellee, v. Clay City Electric Light & Power Company et al., Appellants.

MUNICIPAL CORPORATIONS, § 1141*—*effect of purchase of lighting plant in excess of authorized indebtedness on rights of mortgagee.* Where a village, whose legal bonded indebtedness could not exceed $4,200, bought an electric light heating and power plant pursuant to the terms of an agreement providing that the village should pay $4,200 in cash or bonds and that village bonds should be issued for the purpose, and that the property should be subject to a first mortgage lien for $7,296, the village expressly not assuming this debt, and the village was unable to pay for the plant out of the income derived from its operation, but such plant was in fact operated at a loss, the holder of the first mortgage is not entitled to a first lien and a foreclosure to the exclusion of the rights of the village, but only to its pro rata share of the proceeds of the sale based upon the amount that each had contributed, including cost of repairs by the village, after paying the costs and expenses of the suit and a reasonable amount for the use of the plant, to be deducted from the village's share.

Appeal from the Circuit Court of Clay county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded with directions. Opinion filed May 1, 1915. Refiled July 6, 1915.

MONROE & MONROE, for appellant Village of Clay City.

KEITHLEY & KEITHLEY, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.